UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| COMENECIA JAMES UNDERWOOD, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 7:07-CV-01228-LSC |
| ] | |
| LOUIS DANIEL BOISOT, individually ] | |
| and in his official capacity as the ] | |
| director of Tuscaloosa County ] | |
| Community Corrections, and ] | |
| TUSCALOOSA COUNTY, ALABAMA, ] | |
| ] | |
| Defendants. ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration Defendant Louis Daniel Boisot's ("Boisot") Motion to Dismiss (Doc. 3), filed on September 10, 2007; and Defendant Tuscaloosa County, Alabama's ("Tuscaloosa County") Partial Motion to Dismiss (Doc. 4), filed on September 10, 2007.

Plaintiff Comenecia James Underwood ("Underwood") filed suit against Defendants alleging violations of the Fourteenth Amendment, 42 U.S.C. § 1983 ("§ 1983"), and Title VII of the Civil Rights Act of 1964 ("Title

VII"). Specifically, Plaintiff asserts claims for retaliation in violation of the Fourteenth Amendment and § 1983 and for retaliation in violation of Title VII. Defendant Boisot moves to dismiss all claims against him in both his individual and official capacity because (1) a Fourteenth Amendment retaliation claim in conjunction with § 1983 is not viable; (2) official capacity suits are inappropriate when the government entity is also named as a party; (3) individual capacity suits are inappropriate under Title VII; (4) in his individual capacity, he is entitled to qualified immunity in regard to the § 1983 claim; and (5) Plaintiff has not met her heightened pleading requirement under § 1983. (Doc. 3.) Defendant Tuscaloosa County moves to dismiss the claim under § 1983 for Fourteenth Amendment retaliation. (Doc. 4.) The issues raised in Defendants' motions to dismiss have been briefed by the parties and are now ripe for consideration. Upon full consideration of the legal arguments and evidence presented, the motions are due to be granted.

II.     Facts.[1]

Comenecia James Underwood was an employee of Tuscaloosa County

---

[1] Unless otherwise indicated, the facts are taken from Plaintiff's Complaint.

with the Tuscaloosa County Community Corrections ("TCCC"). While Plaintiff was employed with TCCC, Defendant Boisot was the director of TCCC and supervised Plaintiff.

On August 11, 2003, Plaintiff and two other female employees of Tuscaloosa County filed suit against Boisot and Tuscaloosa County alleging sexual harassment and gender discrimination under the Equal Protection Clause, the Fourteenth Amendment, and Title VII. In addition, the complaint alleged violations of various state laws with regard to the claim for sexual harassment.

On May 16, 2005, while the suit alleging sexual harassment and gender discrimination was pending, Plaintiff was terminated from TCCC by Boisot and Tuscaloosa County, allegedly for taking her laptop computer home to complete some work. Plaintiff alleges that this adverse employment action was taken despite Tuscaloosa County's and TCCC's lack of policy regarding the use of laptop computers at home. As a result of this retaliatory conduct, Plaintiff has lost income, past and future, and has suffered severe mental and emotional distress.

On October 20, 2005, Plaintiff submitted a charge of discrimination

with the Equal Employment Opportunity Commission. After investigating Plaintiff's charge, the EEOC determined that Defendants had retaliated against Plaintiff. The EEOC issued Plaintiff a notice of her right to sue on April 9, 2007. Plaintiff subsequently filed her complaint against Defendants.

III.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW,*

*Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh*, 268 F.3d at 1022. In making this determination, the court may consider the text of any and all documents "referenced in, or central to, the allegations of the complaint." *Bickley v. Caremark RX, Inc.*, 361 F. Supp. 2d 1317, 1323 (N.D. Ala. 2004). If a plaintiff refers to documents in the complaint and those documents are "central to the

plaintiff's claim, then the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks,* 116 F.3d at 1369. The defendant may attach any such documents to the motion to dismiss, and such attachment will not convert the motion into a motion for summary judgment. *Id.*; s*ee also Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Assoc. Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)(stating that a writing controls where allegations in the complaint are based upon a writing and the writing contradicts the allegations).

IV.   Discussion.

    A.   Tuscaloosa County.

Tuscaloosa County argues that Plaintiff's § 1983 claim for retaliation in violation of the Fourteenth Amendment is due to be dismissed because a Fourteenth Amendment retaliation claim is not a viable claim. (Doc. 4.)

In analyzing a claim under § 1983, the first step is "to isolate the precise constitutional violation with which [the defendant] is charged" since

§ 1983 imposes civil liability only upon a person who, while acting under color of state law, acted in a manner which "result[ed] in a deprivation of rights, privileges, or immunities *secured by the Constitution* or laws of the United States." *Graham v. Connor*, 490 U.S. 386, 394 (1989)(quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)); *see also Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Scott v. Dixon*, 720 F.2d 1542, 1545 (11th Cir. 1983); *Brown v. Miller*, 631 F.2d 408, 410 (5th Cir. 1980))(emphasis added); 42 U.S.C. § 1983 (2006).  The validity of the § 1983 claim is then "judged by reference to the specific constitutional standard which governs that right, rather than to some generalized" standard.  *Graham v. Connor*, 490 U.S. at 394.

In regard to a retaliation claim brought pursuant to the Fourteenth Amendment, the Eleventh Circuit has held that "[t]he right to be free from retaliation is clearly established as a first amendment right and as a statutory right under Title VII; but no clearly established right exists under the equal protection clause to be free from retaliation." *Gardner v. City of Camilla, Ga.*, 186 Fed. Appx. 860, 864 (11th Cir. 2006)(citing *Ratliff v. DeKalb County, Ga.*, 62 F.3d 338, 340 (11th Cir.1995)); *see also Politte v.*

*Dougherty County School System*, 2007 WL 2258718, at *7 (M.D. Ga. Aug. 3, 2007). Since the Eleventh Circuit has held that no clearly established right exists under the Equal Protection Clause to be free from retaliation, even in taking the facts in the light most favorable to Plaintiff, she cannot demonstrate that the actions of Tuscaloosa County violated a constitutional right. In addition, Plaintiff even concedes that the Fourteenth Amendment retaliation claim under § 1983 is not viable. (Doc. 8.) Thus, Defendant Tuscaloosa County's motion to dismiss is due to be granted.

    B.    Louis Daniel Boisot.

        1.    § 1983 claim.

Boisot argues that the § 1983 claim against him should be dismissed in both his individual and official capacity because (1) a Fourteenth Amendment retaliation claim in conjunction with § 1983 is not viable; (2) in his individual capacity, he is entitled to qualified immunity; and (3) Plaintiff has not met the burden of qualified immunity. (Doc. 3.) Plaintiff concedes that the § 1983 claim against Boisot in both his individual and official capacity is due to be dismissed since the Eleventh Circuit has held that a Fourteenth Amendment retaliation claim in conjunction with § 1983 is not

a viable claim.[2] (Doc. 9.) Therefore, Boisot's motion to dismiss is due to be granted with respect to the § 1983 claim against him in both his individual and official capacity.[3]

  2. Title VII.

    a. Individual Capacity.

Boisot contends that the Title VII claim against him in his individual capacity is due to be dismissed because individual capacity suits are inappropriate under Title VII. (Doc. 3.) According to the Eleventh Circuit, "[i]ndividual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)(citing *Clanton v. Orleans Parish Sch. Bd.*, 649 F.2d 1084, 1099 & n. 19 (5th Cir.1981)(citations omitted)); *see also Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 826 n. 6 (11th

---

[2]*See supra* Section IV(A) for a discussion relating to Fourteenth Amendment retaliation claim under § 1983.

[3]Since this Court finds and Plaintiff concedes that a Fourteenth Amendment retaliation claim under § 1983 is not a viable claim, the Court need not reach the issues of whether the official capacity claim is due to be dismissed since Tuscaloosa County is also a party, whether Boisot is entitled to qualified immunity in his individual capacity, or whether Plaintiff failed to meet the heightened pleading standard.

Cir. 2000); *Edwards v. Wallace Cmty. College*, 49 F.3d 1517, 1519 n.3 (11th Cir. 1995). Recognizing that the Eleventh Circuit has held that individual capacity suits under Title VII are inappropriate, Plaintiff concedes that the claim under Title VII against Boisot as an individual is due to be dismissed. (Doc. 9.) Therefore, Boisot's motion to dismiss the Title VII claim is due to be granted in his individual capacity.

> b. Official Capacity.

Boisot asserts that official capacity suits are redundant when the government entity has also been named as a party defendant. (Doc. 3.)

Under Title VII, the relief granted "is against the *employer*, not individual employees whose actions would constitute a violation of the act." *Hinson,* 231 F. 3d at 827 (quoting *Busby*, 931 F.2d at 772). The only proper individual defendants in a Title VII action are the employer or "supervisory employees in their capacity as agents of the employer." *Id*. "A suit under Title VII brought against an employee as agent of the employer is regarded as a suit against the employer itself." *Blalock v. Dale County Bd. of Educ.*, 33 F. Supp. 2d 995, 998 (M.D. Ala.1998)(quoting *Bahadirli v Domino's Pizza,* 873 F. Supp. 1528, 1547 (M.D. Ala. 1995)(citing *Busby*, 931 F.2d at 772;

*Saville v. Houston County Healthcare Auth.*, 852 F. Supp. 1512, 1522 (M.D. Ala.1994)).

When a plaintiff brings an official capacity suit, the suit is "against state agencies, not against the people through whom agencies act." *Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993). According to the Supreme Court, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)(citation omitted); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.")(citations omitted); *Hobbs*, 999 F.2d at 1530; *LaMarca v. Turner*, 995 F.2d 1526, 1542 (11th Cir. 1993); *Owens v. Fulton County*, 877 F.2d 947, 951 n. 5 (11th Cir.1989). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. at 165-66. In an official capacity suit, the real party in interest is the entity; therefore, "a victory against a named individual in an official capacity suit is 'a victory

against the entity that employs him.'" *Hobbs*, 999 F.2d at 1530 (quoting *Kentucky v. Graham*, 473 U.S. at 167-68). Thus, in order to "impose official liability on a government entity amenable to suit, a plaintiff need do no more than name the government entity defendant; it is unnecessary also to name specific agents." *Id.* Moreover, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby*, 931 F.2d at 776; *see also Bailey v. Town of Lady Lake, Fla.*, 2006 WL 2048250, at *2-3 (M.D. Fla. July 20, 2006). When a suit is filed against both a governmental entity and the entity's employees in their official capacity, a court may dismiss the individual defendants in their official capacities as "redundant and possibly confusing to the jury." *Busby*, 931 F.2d at 776 (where court recognized that plaintiff's suit was against the city, court stated that to keep both the city and its officers sued in their official capacity would be redundant and

therefore dismissed the officers).[4]

---

[4]*See also Harris v. Shelby County Bd. of Educ.*, 99 F.3d 1078, 1084 (11th Cir. 1996)(noting that plaintiff's Title VII claim was only viable against the Board, and that the agent's action was to be attributed to the board); *Bailey,* 2006 WL 2048250, at *2-3 (where plaintiff sued both the Town of Lady Lake and three officers and employees under the same federal statute alleging the same unlawful actions, court held that the three individuals in their official capacities should be dismissed because the suit against them was duplicative of the suit against the town); *Moss v. W & A Cleaners,* 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000)(where the plaintiff named the employer as a defendant in his Title VII claim, the court held that the plaintiff's Title VII official capacity claims against the employer's agents were due to be dismissed); *Blalock,* 33 F. Supp. 2d at 998-99 (finding that the Title VII claim against defendant Monday in his official capacity was due to be dismissed because plaintiff's employer, the Dale County Board of Education, was named as a defendant); *Johnson v. Waters,* 970 F. Supp. 991, 1005 (M.D. Ala. 1997)(where plaintiff sued both the county and Waters, a supervisory county official, the court held that it was unnecessary to keep the county defendants as defendants on plaintiff's Title VII claim); *Moore v. State of Ala.*, 989 F. Supp.1412 (M.D. Ala. 1997)(holding that Title VII claims against government officials in their official capacities were subject to dismissal because plaintiffs alleged that they were employed by state and state agency and both of the entities were named as defendants; thus, since plaintiff named employer directly, there was not need to name the agents of the employer); *Kelley v. Troy State Univ.*, 923 F. Supp. 1494, 1499 (M.D. Ala.1996)(dismissing Title VII claims against the defendant employees in their official capacities as redundant, pointing out that the employer was already a named defendant); *Lynn v. United Technologies Corp., Inc.*, 916 F. Supp. 1217, 1219 (M.D. Ala.1996)(dismissing the Title VII claims against defendant Olive in his official capacity since the employer was named as a defendant); *Bahadirli,* 873 F. Supp. at 1547 (where court dismissed the Title VII claims against Clark in his official capacity since he was president of the corporation and the corporation, his employer, was properly named as a defendant); *Prescott v. Indep. Life & Accident Ins. Co.,* 878 F. Supp. 1545, 1552 (M.D. Ala. 1995)(where Independent Life, the employer, was properly named as a defendant, court dismissed the Title VII claims against Meeks, the district manager, as an agent of the employer because to proceed against him in his official capacity would be redundant); *Holt v. Lewis*, 955 F. Supp.1385 (N.D. Ala. 1995)(where the employer was named as a defendant to the Title VII action, specific persons named in either their individual capacities or as agents of their employer were held to be improper defendants); *Roberts v. Houston County Bd. of Educ.,* 819 F. Supp. 1019, 1029 (M.D. Ala. 1993)(where the court held that the Title VII claim against the superintendent in his official capacity was to be incorporated into the claim against the Board of Education since a Title VII suit against an agent in his official

In this case, Plaintiff has named Boisot, in his official capacity, and his employer, Tuscaloosa County. When a plaintiff asserts a Title VII claim against an employee as agent of the employer, the Title VII claim is regarded as a suit against the employer itself. As director of TCCC, Boisot is an employee/agent of the employer serving in a supervisory capacity. The employer, Tuscaloosa County, has been properly named as a defendant. Accordingly, a claim against Boisot in his official capacity would be redundant; therefore, the claim against Boisot in his official capacity as the director and supervisory employee at TCCC is to be incorporated into the claim against Tuscaloosa County. As such, the Title VII claim against Boisot in his official capacity is due to be dismissed.

Based on the foregoing, Boisot's motion to dismiss is due to be granted with respect to the § 1983 claim and the Title VII claim against him in both his individual and official capacity.

V.   Conclusion.

For the reasons stated above, Defendant Tuscaloosa County's motion to dismiss is due to be granted. The retaliation claim under Title VII remains

---

capacity should be treated as a claim against the employer).

against Tuscaloosa County.  Defendant Boisot's motion to dismiss is due to be granted.  A separate order in conformity with this opinion will be entered.

Done this 4th day of March 2008.

*[signature]*

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671